**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANTHONY GIBBS,**

    **Petitioner,**

  **v.**                                  **CASE NO. 2:06-cv-00038
                                                CRIM. NO. 2:95-cr-044(21)
                                                JUDGE SMITH**
**UNITED STATES OF AMERICA,**       **MAGISTRATE JUDGE KEMP**

    **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner, Anthony Gibbs, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on its own motion for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**I. PROCEDURAL HISTORY**

Petitioner's underlying convictions on drug and firearm offenses involve the following facts, as summarized by the United States Court of Appeals for the Sixth Circuit:

> In 1990, after a friend was shot in a drug trafficking incident, Robert Dotson and Marshon Mays decided to band together to form a group that would offer protection to its members in the area directly north of downtown Columbus, Ohio. This area was known as the Short North, and the group dubbed itself the Short North Posse ("SNP") or the 4th Street Posse.
>
> The government alleges that the goal of the group was to prevent anyone not living in the Short North from selling cocaine base ("crack cocaine" or "crack") there without permission. The government contends that the Short North Posse achieved this goal through threats and intimidation. The state and federal governments conducted an extensive undercover investigation, headed by Agent

> Rodney Russell of the Bureau of Alcohol, Tobacco and Firearms, that included a large number of controlled buys of crack cocaine. In March 1995 the grand jury handed down a 185-count indictment against forty-one defendants. Count 1 of the indictment alleged that all forty-one of the defendants: did knowingly, intentionally and unlawfully combine, conspire, confederate and agree together with each other, and with diverse other persons, both known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute cocaine and more than 5 grams of cocaine base, commonly referred to as crack, Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 21 U.S.C. 841(b)(1)(C) and 841(b)(1)(B)(iii). J.A. at 125 (Indictment).
>
> [S]even defendants... pleaded not guilty, and their cases were consolidated for trial. The bulk of the government's evidence consisted of testimony from cooperating witnesses, most of whom were alleged members of the SNP who had pleaded guilty. Other relevant evidence came from undercover officers and non-SNP drug dealers or users.
>
> The other counts charged individual defendants with, among other things, drug trafficking and firearms violations, including possession with intent to distribute crack in violation of 21 U.S.C. § 841, distributing crack in violation of 21 U.S.C. § 841, and using or carrying firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).
>
> The jury convicted all seven of these defendants of the conspiracy charged in Count 1. Each of the defendants was also convicted of separate drug trafficking and firearms crimes.... Defendant Anthony Gibbs was convicted of possession with intent to distribute crack (Counts 55, 132, and 182), using or carrying a firearm during and in relation to a drug trafficking crime (Count 133), and distributing crack (Count 119).

*United States v. Gibbs*, 182 F.3d 408 (6th Cir. 1999). Petitioner's conviction on conspiracy to distribute crack cocaine was overturned on appeal, but his convictions and sentence were otherwise affirmed. *Id.* On March 30, 2000, petitioner was re-sentenced to 188 months on counts 119, 132, and 182, such sentences to run concurrently with each other, plus 60 months on count 133, such sentence to run consecutively to the other sentences imposed. Doc. No. 1399. On February 8, 2002,

the mandate issued from the United States Court of Appeals for the Sixth Circuit affirming petitioner's sentence. Doc. No. 1484. On June 3, 2002, the United States Supreme Court denied petitioner's petition for a *writ of certiorari. See Docket*.

On January 17, 2006, petitioner filed the instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. He asserts that his sentence violates the United States Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

Petitioner's federal habeas corpus petition may be untimely. Under 28 U.S.C. §2255,

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction in this case became final on June 3, 2002, when the United States Supreme Court denied his petition for a *writ of certiorari. Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). The instant action was not filed until 2006, long after such date. However, without reaching the question of whether petitioner has alleged extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue, the Court

3

notes that the United States Court of Appeals for the Sixth Circuit has held that neither *Booker* nor *Blakely* are retroactively applicable to cases on collateral review.  *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005); *Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir. 2005). Petitioner simply cannot take advantage of the rules announced in *Booker* and *Blakely*.  Therefore, such cases do not provide petitioner the relief he seeks.

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court

adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

>   /s/ Terence P. Kemp
>   United States Magistrate Judge